# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

MARK ANTHONY THARPE
REG. #59466-180                                                                                          PETITIONER

VS.                                        2:06CV00076 JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                       RESPONDENT

## MEMORANDUM ORDER

### I. Background

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Response (docket entry #4), and the issues are now joined and ready for disposition. For the reasons stated herein, the Court will dismiss the Petition as moot.

### II. Discussion

In this habeas action, Petitioner challenges a rule of the Federal Bureau of Prisons ("BOP"), which took effect on February 14, 2005 (the "February 2005 Rule"), limiting the duration of a prisoner's confinement in a community corrections center ("CCC") to "the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § 570.21(a). BOP now refers to a CCC as a Residential Reentry Center ("RRC").

The February 2005 Rule spawned numerous habeas actions in the Eastern District of Arkansas challenging the Respondent's "categorical exercise" of discretion under 18 U.S.C.

---

[1] The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #5.)

§ 3621(b). In *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006), the Eighth Circuit declared the February 2005 Rule to be invalid:

> A BOP decision to not transfer an inmate - or, as in this case, a group of inmates - requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a [RRC]. It is impossible for the BOP to consider all five factors on a categorical basis. As such, the BOP's regulation necessarily conflicts with § 3621(b) by excluding an entire class of inmates–those not serving the final ten percent of their sentences–from the opportunity to be transferred to a [RRC].
>
> The district court stated that while "the BOP labeled the [February 2005 regulation] a 'categorical exercise of discretion' it did not exercise its discretion at all." We agree that the BOP's regulation removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences. Section 3621(b) requires that discretion be exercised on an individual basis. Thus, the BOP's regulation conflicts with § 3621(b) and is invalid.

*Fults*, 442 F.3d at 1092.

Petitioner alleges that he is serving a 12-month and 1-day sentence imposed (on an unspecified date) by the Western District of Texas. Petitioner claims that Respondent has not yet made a determination of RRC placement but requests a "minium of six months in [RRC] placement[.]"

Respondent argues that the Petition should be dismissed, as moot, because pursuant to *Fults*, Petitioner will be evaluated for RRC placement utilizing the BOP policy used prior to the December 2002 and February 2005 policies, and that any RRC recommendation will be based on the § 3621(b) factors and correctional and population management interests, including the length of sentence, seriousness of current offense, criminal history, programming needs, availability of facilities and necessary health care, and public safety.

Because Respondent will not be applying the policy invalidated by *Fults*, Petitioner has not shown that he has suffered (or will suffer) an injury that is "fairly traceable" to the invalidated policy

which could be remedied by federal habeas relief.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (justiciable Article III case or controversy must involve an "injury in fact" which is "fairly traceable" to the challenged action and that it is "likely, as opposed to merely speculative" that the injury will be redressed by a favorable decision.)  Thus, Petitioner's challenge is moot.[2]

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket entry #1) is DISMISSED, AS MOOT.  This dismissal is without prejudice to Petitioner's ability to refile this action in the event Respondent does not comply with the representations she has made herein.

Dated this 29th day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]  The Court notes that, contrary to Petitioner's characterization, there is nothing in the applicable cases or statutes that *entitles* a prisoner to RRC placement, much less for 6 months.  Rather, *Fults* defines Respondent's duty to individually *consider* a prisoner for RRC placement pursuant to the statutory factors set forth in § 3621(b).